Filed 10/21/22 P. v. Givens CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096064 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F09120) |
| v. | |
| DOMINIQUE GIVENS, | |
| Defendant and Appellant. | |

Defendant Dominique Givens appeals from the denial of his postjudgment motion seeking appointment of counsel and a supplemental hearing pursuant to *In re Cook* (2019) 7 Cal.5th 439 and *People v. Franklin* (2016) 63 Cal.4th 261. Defendant's appointed appellate counsel has filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)

1

As we will explain, we exercise our discretion to review the record for arguable error in defendant's favor and, having done so, affirm the trial court's order denying the motion.

## BACKGROUND

In July 2012, defendant pleaded no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and admitted an arming enhancement (§12022.5, subd. (a)). The trial court sentenced him to 21 years in state prison. In September 2018, he filed a petition for writ of habeas corpus seeking a hearing pursuant to *People v. Franklin, supra*, 63 Cal.4th 261. The trial court issued an order to show cause. Following our Supreme Court's decision in *In re Cook, supra,* 7 Cal.5th 439, the trial court construed defendant's petition as requesting a section 1203.01 proceeding. Accordingly, on October 25, 2019, defendant filed additional materials in accordance with section 1203.01 and *In re Cook*.

On December 23, 2021, defendant filed a motion seeking appointment of counsel and for a second supplemental sentencing hearing pursuant to section 1203.01 and *In re Cook, supra*, 7 Cal.5th 439. On March 29, 2022, the trial court denied the motion, finding defendant had ample opportunity to present his section 1203.01 materials at the 2019 hearing.

Defendant timely appealed from the order denying his motion. The case was fully briefed on September 2, 2022, and assigned to this panel shortly thereafter.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the

---

[1] Further undesignated statutory references are to the Penal Code.

opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postconviction motion for a *Cook/ Franklin* hearing is an open question. The California Supreme Court has not addressed the issue.

In this case, we exercise our discretion to review the matter. Having exercised our discretion to review this postconviction proceeding for error, and having undertaken an examination of the entire record accordingly, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The March 29, 2022, order of the trial court denying defendant's motion is affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Hoch, J.

/s/
Renner, J.